UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARQUES DELONEY<br>1007 Atlantic Ave<br>Columbus, Ohio 43229<br><br>on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>  vs.<br><br>SK FOOD GROUP, INC.<br>c/o Statutory Agent Registered Agent Solutions, Inc.<br>4568 Mayfield Rd. Suite 204<br>Cleveland, OH 44121<br><br>   Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Marques Deloney, by and through undersigned counsel, and for his Complaint against SK Food Group, Inc. ("SK Food" or "Defendant"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Franklin County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant was a foreign corporation, organized and existing under the laws of the State of Washington, licensed to conduct business in the State of Ohio, with a manufacturing operation at 3301 Toy Road, Groveport, Ohio 43125.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant manufactures custom food products for its customers.

14. Defendant employed Plaintiff between July 2018 and August 2019 as a production employee at its Groveport, Ohio manufacturing facility.

15. Other similarly situated employees were employed as production employees at Defendant's Groveport, Ohio facility.

16. Defendant classified Plaintiff and other similarly situated production employees as non-exempt employees.

17. Defendant paid Plaintiff and other similarly situated production employees on an hourly basis.

18. Plaintiff and other similarly situated production employees frequently worked over 40 hours per week.

19. Plaintiff worked on average over 40 hours per week.

**(Failure to Pay for All Hours Worked)**

20. Plaintiff and other similarly situated production employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their personal protective equipment, including but not limited to a smock, hairnet, beard guard, gloves, steel toe boots and/or safety glasses; b) getting their work assignments, washing their hands, and

3

walking to their assigned area of the production floor; and/or c) performing their production work.

21. The time Plaintiff and other similarly situated production employees spent a) changing into and out of their personal protective equipment, including but not limited to a smock, hairnet, beard guard, gloves, steel toe boots and/or safety glasses; b) getting their work assignments, washing their hands, and walking to their assigned area of the production floor; and/or c) performing their production work was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

22. Changing into and out of their personal protective equipment, including but not limited to a smock, hairnet, beard guard, gloves, steel toe boots and/or safety glasses; b) getting their work assignments, washing their hands, and walking to their assigned area of the production floor; and/or c) performing their production work are intrinsic elements of their principal activities and ones with which Plaintiff and other similarly situated production employees cannot dispense if they are to perform their principal activities.

23. The time Plaintiff and other similarly situated employees spent donning their personal protective equipment was not only an integral and indispensable part of their principal activities, but it was also required by Defendant, the Occupational Safety and Health Administration, and was performed for Defendant's benefit in that it helped keep the production floor safe and helped promote a more safe, hygienic, and efficient production process.

24. Plaintiff and other similarly situated production employees were not paid for time spent a) changing into and out of their personal protective equipment, including but not limited to a smock, hairnet, beard guard, gloves, steel toe boots and/or safety glasses; b) getting their work assignments, washing their hands, and walking to their assigned area of the production floor; and/or c) performing their production work.

25. The amount of time Plaintiff and other similarly situated production employees spent on this required and unpaid work amounted to approximately 15 to 20 minutes per day.

26. As a result of Defendant's practices and policies, Plaintiff and other similarly situated production employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

### (Failure to Keep Accurate Records)

27. Defendant failed to make, keep and preserve accurate records of the unpaid overtime worked by Plaintiff and other similarly situated manufacturing employees.

### (Defendant Willfully Violated the FLSA)

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

30. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current non-exempt manufacturing employees of SK Food Group Inc. between March 2, 2018 and the present.

31. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and

costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

33. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and current non-exempt manufacturing employees of SK Food Group Inc. between March 2, 2018 and the present.

35. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

36. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its manufacturing employees for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. § 4111.03 and § 4111.10.

37. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

38. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

39. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Defendant's practice and policy of not paying Plaintiff and other similarly situated production employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 778.111.

43. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

44. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Violations of Ohio Revised Code § 4111.03)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Defendant's practice and policy of not paying Plaintiff and other similarly situated production employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

47. As a result of Defendant's practices and policies, Plaintiff and other similarly situated production employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and

certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

  B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

  C. Award Plaintiff and the classes he represents actual damages for unpaid wages;

  D. Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

  E. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

  F. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

  G. Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Lori M. Griffin
One of the Attorneys for Plaintiff
