# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARQUES DELONEY,**

    **Plaintiff,**

v.                          Case No.: 2:21-cv-892
                             JUDGE EDMUND A. SARGUS, JR.
                             Magistrate Judge Chelsey M. Vascura

**SK FOOD GROUP, INC.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Conditional Class Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs. (ECF No. 15) (hereinafter, the "Motion for Conditional Class Certification" or "Motion"). For the reasons stated herein, Plaintiff's Motion for Conditional Class Certification is **GRANTED** subject to the conditions of this Opinion and Order.

## I.

On March 2, 2021, Plaintiff Marques Deloney ("Plaintiff"), on behalf of himself and current and former "manufacturing" employees of Defendant SK Food Group, Inc. ("Defendant" or "SK Food"), sued Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Ohio law to recover "unpaid overtime compensation, liquidated damages, [and] attorney's fees and costs." (ECF No. 1.) Plaintiff now seeks to certify two collective actions to separately litigate his federal and state law claims: (i) a class action for his FLSA claim formed pursuant to section 16(b) of the FLSA ("the FLSA Class Action"); and (ii) a class action for his state law claim formed pursuant to Fed. R. Civ. P. 23 (the "Rule 23 Class Action"). (*Id.*) Because Plaintiff's Motion for

1

Conditional Class Certification relates solely to the FLSA Class Action, the Court does not address his state law claim or Rule 23 Class Action in this Opinion and Order.

**II.**

Defendant SK Food is a custom food production company that maintains a production facility in Groveport, Ohio (the "Groveport Facility"). (ECF No. 16 at PageID #102). Plaintiff is a former SK Food employee who worked in the Groveport Facility between July 18, 2018 and August 7, 2019. (*Id.* at PageID #106.) In his Complaint, Plaintiff alleges that, as an SK Food employee, Defendant failed to pay him and other non-exempt, hourly "production" or "manufacturing" employees whenever they performed the following work-required activities before and after their shifts:

i. Changing into and out of their personal protective equipment, including, but not limited to, a smock, hairnet, beard guard, gloves, steel toe boots and/or safety glasses;

ii. Obtaining their work assignments, washing their hands, and walking to their assigned area on the production floor; and/or

iii. Performing their production work.

(ECF No. 1 at PageID #3-4.) Plaintiff further alleges that he and his manufacturing co-workers spent approximately fifteen to twenty minutes per day performing this unpaid work, ultimately resulting in their collective loss of overtime pay. (*Id.* at PageID #5.)

Plaintiff now moves the Court to conditionally certify under the FLSA the following class: "All former and current non-exempt manufacturing employees of SK Food Group Inc. between March 2, 2018 and [March 2, 2021.]" (ECF Nos. 1, 15.) Additionally, Plaintiff seeks to have the Court approve his distribution of a long form notice sheet (attached to his Motion as Exhibit #5) to all "production/manufacturing employees of SK Food group" by postal mail, electronic mail, and/or text message. (*See* ECF Nos. 15, 15-5, 15-6.) To determine which current or former employees to send this notice to, Plaintiff moves the Court to order Defendant to provide him with

a spreadsheet containing the names, addresses, email accounts, phone numbers, and employment dates of "all former and current non-exempt production/manufacturing employees of SK Food Group, Inc." who worked at the Groveport Facility from March 2, 2018 to March 2, 2021. (ECF No. 15-1.)

Defendant, in response, argues that conditional certification of the FLSA Class Action is unwarranted. (ECF No. 16.) It also challenges Plaintiff's proposed discovery order and the content and delivery method of Plaintiff's proposed notice to potential class members. (*Id.*) These positions are addressed in turn below.

### A. Defendant's Challenge to Conditional Class Certification

#### i. Standard of Review

Section 207 of the FLSA requires private employers to pay its non-exempt, hourly employees who work more than forty hours a week a rate of "one and one-half times" their regular pay rate for the "overtime" hours they work. 29 U.S.C. § 207. If an employer fails to provide this overtime pay, its employees can collectively sue to recover it. 29 U.S.C. § 216(b). Specifically, § 216(b) of the FLSA empowers any non-exempt, hourly employee to assert an action arising under § 207 against his or her employer both personally and on behalf of all "similarly situated" employees to recover, inter alia, their "unpaid overtime compensation" and liquidated damages. *Id.*; *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)).

Federal courts typically treat collective actions arising under the FLSA differently than those that arise under Rule 23 of the Federal Rules of Civil Procedure. This is because the members of a putative FLSA class—unlike those in a traditional class action—must affirmatively "opt-in" to the class. *See, e.g.*, *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 675 (6th Cir. 2012).

3

Often, courts rely on the results of this opt-in process to determine whether a plaintiff's putative class warrants certification. This, in turn, has led courts to certify putative FLSA classes "in two stages: conditional and final certification." *Id.* at 671.

At the conditional certification stage—also known as the "notice" stage—federal courts merely seek to determine whether the grounds for plaintiff's FLSA claim are plausible enough to warrant sending notice of the collective action to potential members of its putative class. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015). Courts are, accordingly, "fairly lenient" in making this determination, requiring the plaintiff to only make a "modest factual showing" that he or she is "similarly situated" to his or her proposed class. *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). To satisfy this burden, the plaintiff need not demonstrate that he or she and the putative class members hold "identical" jobs. *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Indeed, it is usually enough if the plaintiff— by affidavit or otherwise—demonstrates that "'a single, FLSA-violating policy,'" decision, or practice prevented him or her and the proposed class from receiving overtime pay. *Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-cv-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)); *Constantino v. STP Restaurants, Inc.*, No. 1:09CV1531, 2011 WL 2784583, at *1 (N.D. Ohio July 15, 2011). This is so even if the plaintiff and his or her proposed class must eventually prove their "common theory" of the defendant's FLSA violation by "individualized and distinct" evidence. *Ford*, 2016 WL 2729700, at *2.

### ii. Analysis

Plaintiff points to three parts of the record to support his Motion for Conditional Class Certification: (i) the allegations within his Complaint; (ii) his own sworn declaration regarding Defendants' pay practices; and (iii) the declarations of three additional opt-in plaintiffs (the "Opt-In Plaintiffs"), all of which reiterate Plaintiff's base allegations, as well their observation that Defendant failed to pay overtime compensation to "other manufacturing employees." (*See* ECF Nos. 1, 15, 15-2, 15-3.)

Defendant, in response, cites numerous reasons why Plaintiff and his proposed FLSA class are not "similarly situated"—and, thus, why his Motion for Conditional Class Certification should fail. (ECF No. 16.)

First, Defendant notes that there are no production or manufacturing employees at its Groveport Facility. (*Id.* at PageID #100.) Rather, it asserts, there are only "Production Line Workers" ("PLWs"), which belong to two of seven different employee divisions. (*Id.* at PageID #102, 104.) Defendant alleges that these PLWs are the only employees who "actually produce food products." (*Id.* at PageID #102.) Accordingly, Defendant interprets Plaintiff's proposed class to solely consist of PLWs. Along that line of thought, Defendant argues that Plaintiff has not and cannot show that he is "similarly situated" to his proposed class because he allegedly served as a Quality Assurance Lead, a position which fell within its own distinct employment division, and which, accordingly, vested Plaintiff with different job responsibilities. (*Id.* at PageID #104, 106-107.) Specifically, Defendant alleges that, unlike PLWs, Plaintiff's job (i) did not require him to work on the "assembly line," but, rather, "walk[] the facility to ensure the Quality Assurance process was functioning well[;]" (ii) solely required him to "wear a hairnet and gloves . . . except for when he visited the assembly floor," in which case Plaintiff apparently *would* have to "wear a

smock, boots, an apron, or sleeve guards[;]" and (iii) "did not receive work assignments from Labor Coordinators[.]" (*Id.* at PageID #106-07.)  Defendant also alleges that Plaintiff received numerous disciplinary infractions for clocking in to work late, thereby making him an unsuitable representative for a collective action that is oriented around when and how hourly SK Food employees clocked into work.  (*Id.* at PageID #110-111.)

Separately, Defendant asserts that, irrespective of Plaintiff's former job title and duties, his proposed class is "not similarly situated" amongst itself, as PLWs occupy "myriad roles and different areas of the facility—all of which require different protective gear and pre-shift activities." (*Id.* at PageID #113.)  Thus, Defendant concludes, Plaintiff has failed on multiple fronts to demonstrate that he or the members of his proposed class are "similarly situated" to one another. (*Id.* at PageID #108.)

This Court—as with numerous others within the Sixth Circuit—has repeatedly noted that it does not evaluate the merits of a plaintiff's FLSA claim at the conditional certification stage. *See Shiflet v. Healthcare Ventures of Ohio, LLC*, No. 2:20-cv-3428, 2020 WL 6390070, at *4 (S.D. Ohio Nov. 2, 2020) (stating that "the Court generally does not . . .consider the merits of the claims, resolve factual disputes, or evaluate credibility" in evaluating a motion for conditional class certification); *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011); *Arocho v. Crystal ClearBldg. Servs. Inc.,*, No. 1:12CV2186, 2013 WL 1855978, at *3 (N.D. Ohio April 30, 2013); *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006). Nor, at this stage, does it generally take into account factual allegations that a named plaintiff's job title or responsibilities differed from those in his or her proposed class. *See Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-cv-1225, 2019 WL 4667497, at *7 (S.D. Ohio Sept. 25, 2019). Rather, at present, the Court's sole concern is determining whether, based on the record, Plaintiff has carried

his burden to make a "modest factual showing" that he and his proposed class of "manufacturing employees" are "similarly situated." *See Ford*, 2016 WL 2729700, at *2.

Here, Plaintiff and the Opt-In Plaintiffs all contend that they were hourly, non-exempt SK Food employees who were subject to the same policy, plan, or practice—that is, Defendant's failure to pay them overtime compensation for certain work activities performed in excess of their standard forty-hour work week. (ECF Nos. 1, 15-2, 15-3.) Defendant, in response, has submitted the declarations of two current SK Food employees—an HR Manager and Labor Specialist at the Groveport Facility—to refute these contentions. (ECF Nos. 16-1, 16-2.) These affidavits, as Plaintiff points out in his Reply brief, were submitted without giving Plaintff the ability to depose Defendant's affiants. Thus, their weight is somewhat limited. *See Myers v. Marietta Memorial Hosp.*, 201 F.Supp.3d 884, 891-92 (S.D. Ohio 2016).

All told, Plaintiff has carried his present burden to make a "modest factual showing" that he is "similarly situated" to his proposed class of "manufacturing employees," which may or may not solely consist of PLWs. *See Ford*, 2016 WL 2729700, at *2; *Constantino*, 2011 WL 2784583, at *1. Accordingly, the Court **GRANTS** Plaintiff's request to conditionally certify his proposed class. (ECF No. 15.)

### B. Defendant's Discovery and Notice Challenges

Plaintiff additionally moves the Court to (i) order Defendant to provide both the Court and Plaintiff various contact information related to his proposed class and (ii) approve his proposed notice form and methods of notice delivery. (ECF Nos. 15-1, 15-4, 15-5, 15-6.) Defendant objects to both requests as either "premature," "overbroad," or "inappropriate." (ECF No. 16 at PageID #117-19.)

### i. Source of Authority and Standard of Review

After a district court finds that conditional certification is proper, it must then determine (i) the proper scope of opt-in discovery (if at issue) and (ii) the propriety of the plaintiff's proposed notice. *See, e.g.*, *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The first inquiry is largely guided by the Federal Rules of Civil Procedure, which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to [their] claim[s] or defense[s] and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The second inquiry, which relates to the propriety of the proposed notice, is, much like the first, largely a matter of the district court's discretion. *See Hoffman-La* Roche, 493 U.S. at 172. This discretion is not "unbridled," however. *Id.* at 174. Rather, an examining court "must be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.*

### ii. Plaintiff's Proposed Discovery Order

Plaintiff moves the Court for expedited opt-in discovery. (ECF No. 15, 15-1.) Because the statute of limitations on an FLSA claim continues to run until written consent is filed with a court, it is important that notice of the collective action be given to all potential opt-in plaintiffs as soon as practicable so they can decide whether to participate in the lawsuit. *Lewis v. Huntington Nat'l Bank,* 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011). The benefits of an FLSA collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make an informed decision about whether to participate." *Hoffman-LaRoche*, 493 U.S. at 170.

Here, Plaintiff, pursuant to the Court's conditional certification of his proposed class, seeks to have the Court order Defendant to "provide to Plaintiff and the Court an Excel spreadsheet" that contains the name, employment dates, and last known address, telephone number, and email

8

address "of all former and current non-exempt production/manufacturing employees" of SK Food over the last three years. (ECF No. 15-1.) Plaintiff argues that this discovery is necessary for him to properly effectuate notice to potential class members. (ECF No. 15 at PageID #83.) Defendant, however, contends that such an order is unwarranted because (i) conditional class certification is not proper in the first place and (ii) Plaintiff's proposed order is, for various reasons, "overbroad" and "duplicative." (ECF No. 16 at PageID #117-18.)  The Court, as discussed above, disagrees with Defendant's first point. Defendant's second point, however, merits discussion.

Defendant asserts that Plaintiff's proposed discovery order is inappropriate because (i) the Groveport Facility does not have a "production/manufacturing" division—and, thus, responding to Plaintiff's request would mean "defining [his] class for him"—and (ii) "there is no need or precedent from this Court supporting a list that includes telephone numbers and employment dates." (*Id.* at PageID #117-18.) This Court disagrees.

Once a district court has conditionally certified a class, the next step is to approve the exact type of discovery that Plaintiff now requests so that timely notice may be given. Further, because there is a three-year lookback period under the FLSA, employment dates are an important part of Plaintiff's initial discovery. Accordingly, the Court **APPROVES** Plaintiff's discovery request, including his request to obtain the "last known telephone number[s]" of all of "all former and current non-exempt production/manufacturing employees." (ECF Nos. 15-1, 15-5.) Nevertheless, as set forth below, Plaintiff's use of these telephone numbers for purposes of disseminating notice is cabined to only those circumstances where postal and electronic mail prove to be insufficient.

### iii. Plaintiff's Proposed Notice

Plaintiff additionally asks the Court to approve the long form notice attached to his Motion as the proper vessel for notifying potential class members of the FLSA Class Action. (*See* ECF

9

Nos. 15, 15-5.) He also asks the Court to allow him to send this proposed notice by means of postal mail, electronic mail, and text message. (ECF Nos. 15 at PageID #83, 15-1.) Defendant objects to both the content of Plaintiff's proposed notice and Plaintiff's request to disseminate it by text message. (ECF No. 16 at PageID #118.)

### a. Notice Content

As to the content of Plaintiff's proposed notice, Defendant argues that it "should not be issued" because (i) it is "too vague and will result in opt-in consent forms from numerous dissimilar employees[;]" (ii) "it suggests SK Food employees have a claim for all unpaid time, as opposed to unpaid overtime," and (iii) "it does not include a provision indicating the opt-in plaintiff may be called upon to answer discovery or appear at trial, which is an important consideration for potential opt-in plaintiffs. (*Id.* at PageID #118-19.) Plaintiff does not contest these objections in his Reply. Rather, as noted above, he states he is willing to discuss them with Defendant, and, assumedly, resubmit an agreed-upon notice form for the Court's approval. (ECF No. 17 at PageID #149.)

The Court finds that such a discussion is both appropriate and warranted. Accordingly, the Court **ORDERS** the parties to (i) meet and confer in good faith to resolve the content-based disputes noted above and (ii) resubmit a new, agreed-upon notice form to the Court within **FOURTEEN (14) DAYS** of the issue date of this Opinion and Order. If the parties are unable to resolve any of the disputes listed above, they shall jointly file a notice of their disagreement within the fourteen-day period stated above. The joint notice shall contain a short, one-page summary of each party's respective positions. The Court will then resolve the dispute based on the record. It will not, however, entertain further briefing on the matter.

### b. Notice Delivery

Defendant contests Plaintiff's request to utilize text messaging as a third means of notice delivery. (*Id.* at PageID #119.) Plaintiff, however, argues that text messaging is necessary because (i) there are "clear and known issues with mail delays and errors related to the U.S. Postal Service" and (ii) "text messaging is a more reliable and effective way to reach potential claimants" given our increasingly "mobile" society. (ECF No. 17 at PageID #146-149.) Plaintiff does not elaborate or otherwise clarify the "clear and known" postal issues he references. He also relies on recent decisions by district courts outside of the Sixth Circuit to demonstrate that, in the context of FLSA-related collective actions, notice by text is an "emerging trend." (*Id.* at PageID #147-48.)

In the Sixth Circuit, district courts generally only authorize two forms of notice delivery—both of which usually consist of postal and electronic mail. *See Hall v. U.S. Cargo & Courier Serv., LLC,* 299 F. Supp. 3d 888, 899-900 (S.D. Ohio 2018); *Brittmon*, 285 F. Supp. 3d 1033, 1044. Thus, for now, Plaintiffs may not use the telephone numbers it receives through discovery for notice purposes. If, however, Plaintiff can demonstrate during the course of discovery that his other notice delivery methods are insufficient to contact a particular potential class member (*i.e.,* that his postal and electronic mail "were returned as undeliverable"), the use of text messaging will become acceptable. *See Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2017 WL 3500411, at *5 (S.D. Ohio Aug. 15, 2017).

### III.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Conditional Class Certification, (ECF No. 15), and conditionally certifies the following class: "All former and current non-exempt manufacturing employees of SK Food Group Inc. between March 2, 2018 and [March 2, 2021.]" (ECF No. 1 at PageID #5.) Additionally, the Court **APPROVES** (i) Plaintiff's discovery request, (ECF No. 15-1), and (ii) Plaintiff's intended use of postal and electronic mail

11

as a means of disseminating notice. (ECF Nos. 15, 15-1.) The Court **CONDITIONALLY DENIES** Plaintiff's request to use text messaging as an additional delivery method, unless Plaintiff demonstrates that his other two delivery methods were insufficient means of contacting a particular potential class member. Accordingly, the Court **ORDERS** as follows:

> 1. That Defendant shall fully answer Plaintiff's Expedited Opt-In Discovery within **FOURTEEN (14) DAYS** of the date of this Opinion and Order. (ECF No. 15-4.)
>
> 2. That the parties shall meet and confer in good faith and, pursuant to the discussions therein, jointly submit an agreed-upon notice form as set forth in subsection II.B.iii.a. within **FOURTEEN (14) DAYS** of the date of this Opinion and Order. Should the parties reach an impasse as to any of the issues delineated in subsection II.B.iii.a., they shall file a notice with the Court in the manner set forth in the same subsection.
>
> **IT IS SO ORDERED.**

**12/20/2021**  
**DATE**

**s/Edmund A. Sargus, Jr.**  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**