**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

MARQUES DELONEY, on behalf of
himself and all others similarly situated,

       **Plaintiff,**

                                         **Case No. 2:21-cv-0892**
   **v.**                               **JUDGE EDMUND A. SARGUS, JR.**
                                         **Magistrate Judge Chelsey M. Vascura**

SK FOOD GROUP, INC.,

       **Defendant.**

**OPINION AND ORDER**

This matter before the Court on Defendant SK Food Group, Inc.'s Unopposed Motion for Leave to File Confidential Collective Action Settlement Agreement Under Seal for Court's Approval. (Mot., ECF No. 50.) For the reasons stated below, the Motion is **DENIED.**

**I.    BACKGROUND**

On June 23, 2023, the parties in this Fair Labor Standards Act case notified the Court that they had reached a settlement. (ECF No. 48.) About a month later, SK Food filed this Motion, requesting that the Court allow the parties to file their Joint Stipulation of Settlement and corresponding papers ("Settlement Agreement") with the monetary terms redacted. (Mot. PageID 312.) The monetary terms SK Food seeks to redact include the total settlement amount, payments to the opt-in plaintiffs, class representative payments, legal fees, and expenses. (*Id.* PageID 312, n. 1.) Upon receipt of the Motion, the Court ordered SK Food to submit an unredacted copy of the Settlement Agreement for *in camera* review, which it did. (ECF No. 51.)

## II.    ANALYSIS

The Sixth Circuit recognizes a "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). The burden of overcoming that presumption is borne by the party that seeks the sealing, and it is a heavy one—"[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citing *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.*

While "settlement agreements are not judicial documents that require preservation of public access[,] . . . FLSA cases are different." *Altier v. A Silver Lining LLC*, No. 2:17-CV-599, 2017 WL 10402564, at *1 (S.D. Ohio Nov. 15, 2017) (Smith, J.) (citations omitted). In FLSA cases, the public has an "interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement." *Id.* Further, "the public has an independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being." *Id.*

Given these rationales, this Court has routinely held that FLSA settlement agreements should not be filed under seal. *See, e.g.*, *Staggs v. Fuyao Glass Am., Inc.*, No. 3:17-CV-191, 2019 WL 11497242, at *1 (S.D. Ohio Nov. 25, 2019) (Newman, M.J.) (collecting cases); *Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) (Marbley, J.) (explaining that "the overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases").

SK Food argues that one of the terms of the Settlement Agreement is that it "shall remain confidential to the extent allowed by law and as accepted by the Court." (Mot. PageID 312.) The

parties' agreement is not enough, though. "Generally, courts have roundly rejected the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access." *Snook v. Valley OB-GYN Clinic, P.C.,* No. 14-CV-12302, 2014 WL 7369904, at *3 (E.D. Mich. Dec. 29, 2014) (internal quotations and citations omitted) (declining the parties' request to allow their FLSA settlement agreement to remain confidential).

SK Food also argues that the "only interested parties are Plaintiff and the opt-in class members who worked at the facility—all of whom will receive payment through the parties' proposed settlement" and so the proposed redactions will cause no harm. (Mot. PageID 314.) But as explained above, the public has a unique interest in FLSA settlements and examining the fairness of employees' wages.

Finally, SK Food contends that it only seeks to redact the monetary terms from the Settlement and that those terms include "sensitive financial information . . . namely the amount of the class representative payment to Plaintiff and the overall sum divided among each individual opt-in class members." (*Id.*) Yet SK Food fails to explain how exclusion of only the monetary terms from the public's view obviates concerns about maintaining the openness of court records. No doubt, the monetary terms are material to the settlement agreement. And this information that SK Food labels as "sensitive," is routinely made public in court-approved FLSA settlements.

## III.    CONCLUSION

SK Food has not shown a compelling reason sufficient to overcome the strong presumption in favor of public access to FLSA settlements. The Motion is **DENIED**. (ECF No. 50.)

**IT IS SO ORDERED.**

**10/18/2023**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**