**CONFIDENTIAL JOINT STIPULATION**
**OF SETTLEMENT AND RELEASE**

Subject to approval by the United States District Court for the Southern District of Ohio (the "District Court"), Eastern Division, Plaintiff Marques Deloney individually and on behalf of all Plaintiffs, and SK Food Group, Inc. ("SK Food") agree to the terms of this Confidential Joint Stipulation of Settlement and Release.

**DEFINITIONS**

1. "Action" shall mean the civil action in the United States District Court for the Southern District of Ohio, Eastern Division, entitled *Marques Deloney v. SK Food Group Inc.,* Case No. 2:21-cv-00892.

2. "Plaintiffs' Counsel" shall mean Lori M. Griffin, Matthew Grimsley, and Anthony J. Lazzaro of The Lazzaro Law Firm, LLC.

3. "Representative Plaintiff" shall mean Marques Deloney.

4. "Plaintiffs" shall include Representative Plaintiff and the fifty-nine (59) Opt-In Party Plaintiffs listed in Appendix 1.

5. "Defendant" shall mean SK Food Group, Inc. and all of its former and current officers, directors, agents (including any settlement administrator selected by SK Food Group, Inc. or its counsel to assist with administering the Settlement), parents, predecessors, successors, subsidiaries, and related and affiliated entities.

6. "Parties" shall mean Plaintiffs and Defendant, and "Party" shall mean any one of the Parties.

7. "Calculation Period" for Plaintiffs shall mean March 11, 2018 to August 25, 2022.

8. "Final" shall mean the date the District Court has approved the Settlement.

9. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

**RECITALS**

10. On March 2, 2021, Representative Plaintiff Marques Deloney filed this Action as a result of Defendant's failure to pay Plaintiff and other similarly situated employees for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

11. Plaintiff alleges that SK Food violated the FLSA by failing to pay Plaintiff and other non-exempt manufacturing employees for work performed between their scheduled start and

stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their personal protective equipment, including but not limited to a smock, hairnet, beard guard, gloves, steel toe boots and/or safety glasses; b) getting their work assignments, washing their hands, and walking to their assigned area of the production floor; and/or c) performing their production work.

12. Defendant denies Plaintiffs' claims and allegations, denies that it has any liability or engaged in any wrongdoing of any kind, and maintains that it has complied at all times with the FLSA and Ohio law.

13. On May 19, 2021, Plaintiff filed a Motion for Conditional Certification (Doc. 15), which Defendant opposed on June 9, 2021.

14. On December 20, 2021, the Court granted Plaintiff's Motion and conditionally certified the following class of individuals: "all former and current non-exempt production/manufacturing employees."

15. On January 18, 2022, the Notice was mailed and emailed to 1,802 potential opt-in Plaintiffs. The Notice period closed on March 4, 2022.

16. On March 11, 2022, the Parties filed a Notice to the Court of Individuals Eligible for Text Notice and Unopposed Request to Send Text Notice.

17. On March 22, 2022, the Court granted Plaintiff's unopposed request to send a text version of the Notice to individuals who had both an undeliverable postal and electronic mail Notice.

18. On March 22, 2022, the Notice was texted to the 91 potential opt-in plaintiffs who did not receive the mailed or emailed notice. The Notice period closed on April 18, 2022. In total, 60 individuals joined the case.

19. Plaintiffs believe that the Action is meritorious based on the alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Defendant denies these allegations. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs worked off-the-clock, whether Plaintiffs would be entitled to liquidated damages, as Defendant claims they did not act willfully and had a good faith defense.

20. The Parties reached the proposed Settlement in the matter after extensive good faith bargaining, which occurred during the period between January 2023 and June 2023. On June 23, 2023, the Parties reached a binding agreement to settle the Action on the terms set forth in the Settlement.

21. Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including reviewing relevant documents, and researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs'

2

Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances. *See* Exhibit 3.

22. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiffs' claims in the Action have merit or that Defendant has any liability to Plaintiffs on those claims.

## SETTLEMENT PAYMENTS

23. **Total Settlement Amount:** Defendant will pay in connection with the Settlement a Total Settlement Amount of Ninety-Five Thousand Dollars ($95,000.00) which sum will cover: (a) all of the Individual Payments to Plaintiffs; and (b) Representative Plaintiff's Class Representative Payment; and (c) Plaintiffs' Counsel's attorneys' fees and expenses.

24. **Payments to Plaintiffs:** Thirty-Two Thousand Four Hundred Twelve Dollars and Nine Cents ($32,412.09) of the Total Settlement Amount will be paid to Plaintiffs in the amounts provided in Appendix 1.

25. **Calculation of Individual Payments:** The Individual Payments have been calculated by Plaintiffs' Counsel and are based proportionally on each Plaintiffs' unpaid overtime compensation during the Calculation Period, according to Defendant's records.

26. **Treatment of Plaintiffs' Settlement Payments:** The Individual Settlement Payments to Plaintiffs will be treated as payment for wages. Defendant will report to the IRS and issue to each Plaintiff an IRS Form W-2 for all amounts paid as wages under this Settlement. Defendant will determine the proper tax withholding amounts on the W-2 payments in accordance with each Plaintiff's previously elected wage withholding instructions, and Defendant is responsible for payment of the employer's share of applicable payroll taxes as required by law.

27. **Class Representative Payments:** One Thousand Dollars ($1,000.00) of the Total Settlement Amount will be paid to Representative Plaintiff Marques Deloney as a Representative Payment for his service in this litigation. Defendant will issue to Representative Plaintiff a Form 1099-Misc., in Box 3, with respect to their Class Representative Payment. Representative Plaintiff will be responsible for all taxes owed with respect to his respective Representative Payment.

28. **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Sixty-One Thousand Five Hundred Eighty-Seven Dollars and Ninety-One Cents ($61,587.91) of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees ($55,000.00) and expenses ($6,587.91) incurred in the Action. Defendant will issue a Form 1099-Misc. with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

29. **Released Claims:** Plaintiffs will release Defendant from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, asserted or unasserted, known or unknown, whether anticipated or unanticipated, arising through the Court's final approval of

3

this Settlement, including but not limited to unpaid wages, liquidated damages, interest, attorneys' fees and expenses pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §§ 4111.01, *et seq.* ("OMFWSA").

30. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses that will be paid to Plaintiffs' counsel, unless otherwise provided by this Agreement in the event there is a breach of this Agreement or a need to file a motion or other documents to enforce the Settlement.  In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action, unless there is a breach of this Agreement.

31. The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

32. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

33. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the District Court.

34. **Joint Motion for Approval of Settlement:** The Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit 4 to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

35. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

36. **Distribution Process:**  Within fourteen (14) days after the Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice, Defendant will provide to Rust Consulting (the "Third-Party Settlement Administrator") the Total Settlement Amount of Ninety-Five Thousand Dollars and Plaintiff will provide the settlement allocation amounts, including the names, last known addresses, and Individual Payments of Plaintiffs. Twenty-One days after Court approval, the Third-Party Settlement Administrator will mail the Individual Payments to Plaintiffs, the Representative Payment to Representative Plaintiff, and the attorneys' fees and expenses to the addresses on the class list provided.  If any checks are returned as undeliverable, the Third-Party Settlement Administrator will mail the checks to Plaintiff's counsel who will make reasonable efforts to locate the Plaintiffs and redeliver the checks.  Any

checks that become lost or void during the six (6) month period after the initial distribution will be reissued to any Plaintiff upon request and without charge to the Plaintiff.

## CONFIDENTIALITY

37. Plaintiffs and Defendant, including all counsel, agree to keep strictly confidential the Total Settlement Amount and amounts of the Individual Settlement Payments, Class Representative Payment, and payment to Plaintiffs' Counsel as identified in this Agreement. The parties agree that these monetary amounts shall not be filed with the Court unless the Court requires the parties to submit them for the Court's review and/or approval. If the Court permits the Parties to file this Agreement under seal/with redactions, Plaintiffs, Defendant, and Plaintiffs' Counsel agree to keep strictly confidential and not to identify, describe, disclose, testify, convey or discuss with any individual, person, organization, corporation, or other entity the terms of this Agreement, except: (1) where disclosure is required by law; (2) the Representative Plaintiff and Defendant may disclose the Agreement to his/its respective attorney(s), immediate families, tax authorities, financial advisor(s), tax advisors/accountants, and for the purposed of filing tax or other legal documents. This provision will not apply if the Court denies Defendant's request to file under seal and/or a redacted copy of the Agreement and supporting documents.

38. Representative Plaintiff and Plaintiffs' Counsel agree that they will not contact any media outlet, comment to any media outlet or otherwise publicly comment regarding the Settlement. If contacted by the media, Representative Plaintiff and Plaintiffs' Counsel will in substance state only that the Action and all disputes among the Parties have been resolved to the satisfaction of all Parties, without providing any additional information regarding the Action or this Settlement. Notwithstanding the foregoing, nothing herein shall prevent Plaintiffs' Counsel from communicating with Opt-In Party Plaintiffs about the Settlement or this Agreement, and nothing herein shall prevent Defendant or its parent company from filing any regulatory disclosures regarding the Action or from complying with legal obligations.

## PARTIES' AUTHORITY

39. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

40. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## NO ADMISSION

5

41. This Agreement is the result of a compromise between the parties for the sole purpose of resolving this matter and avoiding the time and expense of further litigation. Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant. Neither this Agreement's acceptance by the Parties nor its filing with the Court shall, in themselves, render this Agreement admissible in evidence in any other proceeding, subject to the limited exception that it shall be admissible in an action or proceeding to approve, interpret, or enforce this Agreement.

## CONSTRUCTION

42. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## SEVERABILITY

43. If any part of this Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed and enforced to effect the purposes thereof to the fullest extent permitted by law. If one or more of the provisions contained in the Agreement shall for any reason be held by a court of competent jurisdiction to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provisions(s) shall be construed to be limited or reduced so as to be enforceable to maximum extent permitted under the applicable law.

## MODIFICATION

44. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the District Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

45. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action.

## BINDING ON ASSIGNS

46. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

47. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

48. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

49. The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement.

### EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: Oct 18, 2023

MARQUES DELONEY

*Marques Deloney (Oct 18, 2023 20:09 EDT)*

Representative Plaintiff, Individually and on Behalf of all Plaintiffs

Dated: 10/30/23

SK FOOD GROUP, INC.

By: _Dustin W. Dixon_

Its: President

Dustin W. Dixon

Dated: Oct 18, 2023

LORI M. GRIFFIN
THE LAZZARO LAW FIRM, LLC

By: *Lori M. Griffin*
*Lori M. Griffin (Oct 18, 2023 16:25 EDT)*

Attorney for Plaintiffs

Dated: 10/30/2023

WILLIAM C. MARTUCCI

7

SHOOK, HARDY & BACON L.L.P.

By: /s/ William C. Martucci
Attorney for Defendant

*Deloney v. SK Food Group, Inc.*
**Appendix 1**

| Name | Indv. Payment |
|---|---|
| Adkins, Dashawn | $618.69 |
| Asiedu, Melchizedek | $150.00 |
| Barnes, Derrick | $3,362.92 |
| Bowers, Byron | $2,533.51 |
| Bruzzese, Joseph | $1,729.57 |
| Burton, Michiah | $150.00 |
| Cameron, Julian | $150.00 |
| Carter, Christopher | $150.00 |
| Castorena, Elena | $215.98 |
| Cobb, Kenneth | $350.37 |
| Cooley, Jr., Darrie | $2,408.63 |
| Crabtree, Kevin | $150.00 |
| Darjee, Sara | $238.78 |
| Deloney, Marques | $357.13 |
| Dent, Robert | $150.00 |
| Diyali, Sunil | $270.25 |
| Earthman, Robert | $1,389.12 |
| Ghimire, Chandrakala | $150.00 |
| Ghimire, Hom Nath | $150.00 |
| Gills, Tamika | $150.00 |
| Gonzalez, Aurea | $510.18 |
| Guilbaud, Eucher | $802.39 |
| Gurung, Dil | $150.00 |
| Hargrove, Lashawn | $150.00 |
| Hill, Antonio | $150.00 |
| Hudson, Brett | $150.00 |
| Jackson, Scott | $150.00 |
| Kafle, Laxmi | $150.00 |
| Kamara, Olando | $1,620.57 |
| Lawson, John | $150.00 |
| Livingston, Brian | $150.00 |
| Mack, Mercedes | $150.00 |
| Martinez, Aldo | $981.36 |
| Mathieu, Marc | $509.65 |
| Mauch, Jeffrey | $641.89 |
| Mbengue, Ibrahima | $150.00 |
| McDonald, Sharon | $150.00 |
| Mestichelli, Rosa | $150.00 |
| Moore III, Robert | $741.74 |
| Moore, Angela | $524.97 |
| Ndikumana, Kalori | $2,006.25 |
| Noor, Abdikadir | $150.00 |

*Deloney v. SK Food Group, Inc.*
**Appendix 1**

| Name | Indv. Payment |
|---|---|
| Olinger, Alberta | $150.00 |
| Patterson, Timeka | $150.00 |
| Paudel, Lila | $150.00 |
| Pitcox, John | $797.70 |
| Powers, Rafael | $150.00 |
| Riley, Schawanna | $317.20 |
| Rivera Colon, Ivan | $319.16 |
| Robinson, Christopher | $259.39 |
| Sabtow, Mumina | $2,159.94 |
| Scarberry, George | $150.00 |
| Sims, George | $150.00 |
| Sommervil, Will | $150.00 |
| Trail, Charles | $339.76 |
| Washington, Destiny | $150.00 |
| West, Ceclia | $150.00 |
| Williamson, Matthew | $150.00 |
| Wilmer, Charlene | $334.55 |
| Zeiher, Robert | $1,270.47 |