UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARQUES DELONEY, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. 2:21-cv-00892 |
| Plaintiff, | ) ) | JUDGE EDMUND A. SARGUS, JR. |
| vs. | ) ) ) | MAGISTRATE JUDGE CHELSEY M. VASCURA |
| SK FOOD GROUP, INC. | ) ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| Defendant. | ) ) ) | |

THIS CAUSE having come before the Court on the Revised Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (Rev. Jt. Mot., ECF No. 63), including the proposed Joint Stipulation of Settlement and Release (Settlement, ECF No. 63-1) and the Declarations of Lori M. Griffin (ECF No. 63-3), Chastity L. Christy (ECF No. 63-4), and Anthony J. Lazzaro (ECF No. 63-5), and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

1.  On March 2, 2021, Representative Plaintiff Marques Deloney filed this action as a result of Defendant SK Food Group, Inc.'s failure to pay Plaintiff and other similarly situated employees for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. (ECF No. 1.) Plaintiff also brought this action as a putative class action under Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03. (*Id.*)

2.  Plaintiff alleged that Defendant violated the FLSA by failing to pay Plaintiff and other non-exempt manufacturing employees for work performed between their scheduled start and stop times including: a) changing into and out of their personal protective equipment, including, but not limited to, a smock, hairnet, beard guard, gloves, steel toe boots and/or safety glasses;

b) getting their work assignments, washing their hands, and walking to their assigned area of the production floor; and/or c) performing their production work.

3. On May 19, 2021, Plaintiff filed a Motion for Conditional Certification, Expedited Opt-in Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (ECF No. 15), which Defendant opposed (ECF No. 16).

4. On December 20, 2021, the Court granted Plaintiff's Motion and conditionally certified a collective "all former and current non-exempt production/manufacturing employees."[1] (ECF No. 22.)

5. The Notice was mailed and emailed to 1,802 potential opt-in Plaintiffs. The Notice period closed on March 4, 2022.

6. The Parties then filed a Notice to the Court of Individuals Eligible for Text Notice

---

[1] The certification and notice process has since changed. *See Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1007 (6th Cir. 2023). Before *Clark* and at the time this Court granted Plaintiff's Motion, district courts with the Sixth Circuit employed a "two-step certification" process in FLSA collective actions. *See Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (Marbley, J.). The first step occurred early in the litigation (usually before discovery was complete) and required that the named plaintiff make a "modest factual showing" that he or she was "similarly situated" to a proposed class of potential opt-in plaintiffs. *Id.* (quoting *Comer v. Walmart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006)). If the named plaintiff made such a showing, the proposed class was "conditionally certified," and plaintiff could send court-supervised notice to potential opt-ins. *Id.* The second step occurred after the close of discovery and warranted a closer examination of whether the named plaintiff was "in fact, similarly situated" to plaintiffs who opted into the collective action. *Comer*, 454 F.3d at 547.
    But in *Clark*, the Sixth Circuit established a new standard for determining when to issue notice to potential opt-ins. 68 F.4th 1003. The *Clark* Court held that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011. It also rejected the use of the term "certification" in the context of FLSA collective actions. *Id.* at 1009 ("unlike a Rule 23 class action, an FLSA collective action is not representative—meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'") (citing *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 402 (6th Cir. 2021) (cleaned up)).

and Unopposed Request to Send Text Notice. (ECF No. 34.) On March 22, 2022, the Court granted Plaintiff's unopposed request to send a text version of the Notice to individuals who had both an undeliverable postal and electronic mail Notice. (ECF No. 39.)

7. The Notice was texted to the 91 potential opt-in plaintiff who did not receive the mailed or emailed Notice. The Notice period closed on April 18, 2022. In total, 60 individuals joined the case.

8. The Parties agree that bona fide disputes exist between them, including whether Plaintiffs[2] were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

9. But to reach a compromise and to avoid the expense and burden of litigation, the Parties agreed to settle this action, on the terms set forth in the proposed Settlement.

10. On June 23, 2023, the Parties notified the Court that they had settled. (ECF No. 48.) About a month later, Defendant filed an Unopposed Motion for Leave to File Confidential Collective Action Settlement Agreement Under Seal for Court's Approval ("Motion to Redact"), requesting that the Court allow the parties to file their joint Settlement and corresponding papers with the monetary terms redacted. (ECF No. 50, PageID 312.) The Court denied the Motion to Redact, reasoning Defendant had not shown a compelling reason sufficient to overcome the strong presumption in favor of public access to FLSA settlements. (ECF No. 55.)

11. The Parties then filed their first Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. (ECF No. 56.) The Court denied that Joint Motion without prejudice, finding that, using the percentage-of-the-fund method, the Parties' proposed

---

[2] As in the Settlement, "Plaintiffs" refers to Representative Plaintiff and the 59 Opt-In Party Plaintiffs. (ECF No. 63-1, PageID 402.) When other defined terms are used in this Order and not defined, the Court adopts the definitions from the Settlement. (*Id.*)

3

attorney's fee award was unreasonable because it was around 58% of the total settlement amount. (*Id.*) As for the lodestar method—another method district courts can employ when reviewing fee awards in FLSA actions—the Court explained:

> Plaintiffs' counsel makes no argument that the Court should engage in a lodestar analysis, and they do not provide the billing records for the Court to do so. (*See* Jt. Mot.) They simply mention the requested fee award "is significantly less than Plaintiffs' counsel's lodestar" and share plaintiff's attorneys' rates. (Jt. Mot., PageID 333; ECF No. 56-3, ¶ 54.) Thus, the Court lacks enough information to engage in a lodestar analysis and will instead use the percentage-of-the-fund method, as it often does in FLSA cases.

(*Id.* PageID 370 ((footnote omitted).)

12. The Parties filed their Revised Joint Motion. They detail the terms of the proposed Settlement; explain why the seven-factor fairness standard is satisfied; and analyze why the settlement distributions are fair, reasonable, and adequate. (*Id.* PageID 387–93.) They also make argument as to why Plaintiffs' Counsel's fees and expenses are proper and reasonable, ask the Court to apply the lodestar method, and explain why Plaintiffs' Counsel's lodestar is reasonable. (*Id.* PageID 394–95.) Attached to the Revised Joint Motion are declarations from the three attorneys—Ms. Griffin, Ms. Christy, and Mr. Lazzaro—that worked on this matter. (ECF Nos. 63-3, 63-4, and 63-5.) The declarations detail their professional experience and work on this matter and other similar FLSA matters. (*Id.*) The declarations also include copies of the attorneys' time sheets, showing the legal work they performed on the case. (*Id.*)

13. The attorneys incurred these amounts of hours at the corresponding hourly rates of pay: Mr. Lazzaro, 15 hours, $500 per hour; Ms. Christy, 27 hours, $500 per hour; and Ms. Griffin, 143 hours, $475 per hour. (ECF No. 63-3, ¶ 64.) Thus, assuming no rate increases during the relevant period, Plaintiffs' Counsel's lodestar is $88,925. Plaintiffs' Counsel's attorney's fee request at $55,000 is less than their lodestar.

4

14. Plaintiffs' Counsel's firm has litigated hundreds of certified collective and class actions and commonly handles FLSA actions. (*See* ECF No. 63-5, ¶¶ 7, 8.) Mr. Lazzaro and Ms. Christy have been practicing law for about 20 years (ECF No. 63-4, ¶ 11; ECF No. 63-5, ¶ 10), and Ms. Griffin has been practicing law for about 15 years (ECF No. 63-3, ¶ 9).

15. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arm's-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Opt-In Party Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

16. Specifically, the Parties represent that during a three-year calculation period, based on records provided by Defendant and analyzed by Plaintiffs' Counsel, Representative Plaintiff and the Opt-In Plaintiffs were allegedly denied $27,374.03 in overtime compensation for an extra 11 minutes of pre/post-shift work per day; $29,928.14 in overtime compensation for an extra 12 minutes of pre/post-shift work per day; $32,502.70 in overtime compensation for an extra 13 minutes of pre/post-shift work per day; $37,654.12 in overtime compensation for an extra 15 minutes of pre/post-shift work per day; and $50,678.42 in overtime compensation for an extra 20 minutes of pre/post-shift work per day. (Rev. Jt. Mot. PageID 391–92.) Under the Settlement, Plaintiffs will receive approximately 12 (almost 13) additional minutes per day in overtime damages for pre-shift work, after the deduction of attorneys' fees and costs and the service award to Representative Plaintiff, which is 108.30% of the possible recovery for the three-year statutory period for an additional 12 minutes per day in overtime damages; 99.72% of the possible recovery for the

5

three-year statutory period for an additional 13 minutes per day in overtime damages; 86.08% of the possible recovery for the three-year statutory period for an additional 15 minutes per day in overtime damages; and 63.96% of the possible recover for the three-year statutory period for an additional 20 minutes per day in overtime damages. (*Id.* PageID 392.) This Court has held that the "recovery of 76.5% of the likely recovery of alleged unpaid overtime work" satisfies the fair and reasonable requirements for settlement approval. *Myres v. Hopebridge, LLC,* No. 2:20-CV-5390, 2023 WL 2399056, at *5 (S.D. Ohio Feb. 21, 2023). Plaintiffs' recoveries here are similarly fair and reasonable.

17. Thus, the Court approves the proposed Settlement with its attachments, and orders that the Settlement be implemented according to the terms therein and as directed here. The Court approves the Settlement as to the Representative Plaintiff and the Opt-In Party Plaintiffs.

18. The Court finds that the proposed allocation and calculation of the Individual Payments are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Settlement an Appendix providing the names of the Opt-In Party Plaintiffs and the Individual Payments. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

19. The Court approves the payment to Representative Plaintiff Marques Deloney in recognition of his service in the action, and orders that such payment be made in the manner, and subject to the Settlement.

20. In evaluating Plaintiffs' Counsel's lodestar, "the most critical factor" is "the degree of success obtained." *Dean v. F.P. Allega Concrete Const. Corp.*, 622 F. App'x 557, 559 (6th Cir. 2015). Plaintiffs recovery under the Settlement was substantial; this FLSA case was complex; society's stake in motivating FLSA attorneys supports a determination of reasonableness; and Plaintiffs' Counsel took the case on contingency and has substantial FLSA experience. *See Moore*

6

*v. Aerotek, Inc.,* No. 2:15-CV-2701, 2017 WL 2838148, at *6 (S.D. Ohio June 30, 2017), *report and recommendation adopted,* No. 2:15-CV-2701, 2017 WL 3142403 (S.D. Ohio July 25, 2017). Additionally, Plaintiffs' Counsel lodestar was already adjusted substantially downward.  The Court approves the payment of attorneys' fees using the lodestar method and expense reimbursements to Plaintiffs' Counsel, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

21. The Revised Joint Motion (ECF No. 63) is **GRANTED.** This case is **DISMISSED WITH PREJUDICE**; each Party to bear their own attorneys' fees and costs except and otherwise provided by the Settlement.  The Court will retain jurisdiction to enforce the Parties' Settlement.  The Clerk is **DIRECTED** to close the case.

    **IT IS SO ORDERED.**

**3/22/2024**                                                **s/Edmund A. Sargus, Jr.**
**DATE**                                                       **EDMUND A. SARGUS, JR.**
                                                                    **UNITED STATES DISTRICT JUDGE**